UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDISON ESPINAL-GENAO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 09-1537 (JAF)<br><br>(Crim. No. 06-0008) |

**OPINION AND ORDER**

Petitioner, Edison Espinal-Genao, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights to effective assistance of counsel and due process. (Docket Nos. 1; 3.) The Government opposes. (Docket No. 4.)

I.

**Factual and Procedural Summary**

We draw the following narrative from Petitioner's motion, the Government's response, and a memorandum from Petitioner's trial counsel. (Docket Nos. 1; 3; 4; 6.) Petitioner was arrested on September 26, 2005, and charged in Puerto Rico criminal court with four counts of possession of cocaine and heroin. The U.S. Attorney's office contacted Puerto Rico's Attorney General, requesting that these charges be dropped so that it could prosecute Petitioner in federal court. The reason offered for this request was that federal prosecutors were investigating Petitioner for drug trafficking and money laundering offenses. Puerto Rico's Attorney General assented, and the charges were dropped. On January 11, 2006, Petitioner was indicted in this

court on three counts: (1) conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing cocaine base and 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; (2) aiding and abetting the knowing and intentional possession with intent to distribute 500 grams or more of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a); and (3) aiding and abetting the knowing and intentional possession of heroin in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a).

Petitioner told his attorney, Assistant Federal Public Defender Francisco Valcárcel-Fuster, that he believed he was the victim of a vindictive prosecution. Petitioner claimed he was once a confidential informant working with Immigration and Customs Enforcement ("ICE") agents. At some point, he began to cooperate with an investigation of certain ICE agents by the Department of Justice's Office of Professional Responsibility ("OPR"). He further claimed to have assisted defense counsel in a 2004 drug-smuggling case before this court, providing a sworn affidavit attesting to "ICE's investigative misconduct." (Docket No. 3.) Petitioner believed the federal prosecution was meant to silence him and prevent him from "expos[ing] the crimes" of ICE agents. (Id. at 7.)

Valcárcel-Fuster sent the prosecution a formal discovery letter on January 18, 2006, requesting production of any statements made by Petitioner to law enforcement agents and any exculpatory material in the government's possession. (See Docket No. 6-1 at 21–26.) No information was ever produced regarding Petitioner's actions as a confidential informant. The prosecutor verbally confirmed that Petitioner had acted as an informant in a prior case in which the defendant was represented by the Federal Public Defender. This exchange, however, seems to have been for the limited purpose of informing Valcárcel-Fuster of a potential conflict of

interest, and it contained no further details of Petitioner's role as an informant. The only discovery Valcárcel-Fuster received from ICE's file was a one-page report of the investigation of Petitioner, but it did not designate Petitioner as an informant. (See Docket No. 6-2 at 4.) Valcárcel-Fuster's case notes reveal that he discussed with Petitioner the vindictive-prosecution theory on multiple occasions. He also researched the pending criminal prosecutions of the two ICE agents who were the targets of the OPR investigation Petitioner claimed to have assisted. Valcárcel-Fuster did not file a motion to dismiss the indictment for vindictive prosecution.

Following a jury trial, Petitioner was found guilty on all counts and received a 131-month sentence. On appeal, Petitioner argued (1) ineffective assistance of trial counsel in not complying with Petitioner's wish for himself and his wife to testify on his behalf; and (2) prosecutorial misconduct in withholding evidence. The First Circuit affirmed Petitioner's conviction on October 5, 2007. United States v. Espinal-Genao, No. 07-1252 (1st Cir. Oct. 5, 2007). Due to a successful application to extend the time to file for a writ of certiorari, Petitioner's conviction did not become final until June 5, 2008. The petition before us was filed on June 5, 2009, within the one-year deadline imposed by 28 U.S.C. § 2255. The Government responded. (Docket No. 4.) We ordered Valcárcel-Fuster to address Petitioner's allegations (Docket No. 5), and he submitted, under seal, a memorandum in response (Docket No. 6).

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner

may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks omitted) (quoting David v. United States,134 F.3d 470, 477(1st Cir. 1998)); see also § 2255(b).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner alleges that his trial suffered from two constitutional infirmities: (1) Valcárcel-Fuster failed to provide representation meeting the minimum standards of the Sixth Amendment guarantee of effective assistance of counsel; and (2) charges were brought with a vindictive motive, violating his due process rights. (Docket Nos. 1; 3.)

**A.     Ineffective Assistance of Counsel**

Petitioner alleges that Valcárcel-Fuster's representation was defective because he "made no formal requests for discovery, and conducted no pretrial investigation whatsoever" into Petitioner's claims of vindictive prosecution. (Docket No. 3 at 6.) The failure to challenge the indictment on grounds of vindictive prosecution is also, Plaintiff claims, a basis for ineffective

Civil No. 09-1537 (JAF)                                                                                                          -5-

assistance of counsel. (Docket No. 1.) Finally, Petitioner claims that Valcárcel-Fuster's failure to argue vindictive prosecution at trial rendered his representation ineffective. (Docket No. 3.) As demonstrated below, we find that Valcárcel-Fuster's representation of Petitioner was not deficient and, thus, that Petitioner's ineffective-assistance-of-counsel claim fails.

The success of a claim of ineffective assistance of counsel under § 2255 depends on a petitioner's showing both a deficient performance by his trial counsel and a resulting prejudice. Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). Deficient performance is present where the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See Strickland, 466 U.S. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not deficient performance). To succeed on an ineffective-assistance-of-counsel claim, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This inquiry into counsel's performance is "highly deferential" and rejects comparisons to "perfect advocacy judged with the benefit of hindsight." Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

A claim for vindictive prosecution arises where a prosecutor charges a defendant with a crime in retaliation for the defendant's exercise of a statutory or constitutional right. See United States v. Jenkins, 537 F.3d 1, 3 (1st Cir. 2008) (citing United States v. Goodwin, 457 U.S. 368, 372 (1982)). Such prosecutions violate constitutional due process. Id. To prove a claim of vindictive prosecution, a defendant must produce evidence of (1) actual vindictiveness; or (2) "circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness." Id. Evidence of actual vindictiveness must overcome the strong "presumption of regularity (which includes a presumption of good faith)" accorded to a prosecutor's motive for charging decisions. See United States v. Lewis, 517 F.3d 20, 25 (1st Cir. 2008). This is a heavy burden, one which the First Circuit has been reluctant to find satisfied by circumstantial evidence alone. See, e.g., United States v. Marrapese, 826 F.2d 145 (1st Cir. 1987) (finding that circumstantial evidence, including record of prosecutor's derogatory comments about defendant and an "altercation" between prosecutor and defendant, was not sufficient proof of prosecutor's vindictive motive). The First Circuit is not alone in setting a high standard for actual vindictiveness. See United States v. Jenkins, 504 F.3d 694, 699 (9th Cir. 2007) (requiring direct evidence); United States v. Wilson, 262 F.3d 305, 317–18 (4th Cir. 2001) (equating actual vindictiveness with "direct evidence of an actual retaliatory motive"); United States v. Johnson, 221 F.3d 83, 94 (2d Cir. 2000) ("To find actual vindictiveness requires direct evidence, such as evidence of a statement by the prosecutor, which is available only in a rare case." (internal quotation marks omitted)).

A presumption of vindictiveness may arise where evidence demonstrates that a "reasonable likelihood of vindictiveness exists." Goodwin, 457 U.S. at 373. The two cases in

which the Supreme Court endorsed a presumption of vindictiveness concerned defendants who exercised statutory rights to trial de novo following misdemeanor convictions, only to be charged with felonies in their new trials. See Thigpen v. Roberts, 468 U.S. 27 (1984); Blackledge v. Perry, 417 U.S. 21 (1974). The Court later declined to extend the presumption to charging decisions made in the course of plea bargaining. See Goodwin, 457 U.S. at 381–84. While the First Circuit has not expressly foreclosed the availability of a presumption of vindictiveness for a prosecutor's pretrial charging decisions, it has not yet found a pretrial presumption of vindictiveness to be warranted. See, e.g., United States v. Bucci, 582 F.3d 108 (1st Cir. 2009) ("It is difficult to make such a [presumption of vindictiveness] showing pretrial . . . in light of the broad discretion afforded the prosecutor to determine who should be prosecuted and for what crime, and the presumption that the prosecutor has exercised that discretion in good faith."); Jenkins, 537 F.3d at 3–5 (finding presumption of vindictiveness unwarranted where prosecutor filed a more serious charge following failure of plea negotiations). Other circuits have taken a similar approach. See Nunes v. Ramirez-Palmer, 485 F.3d 432, 442 (9th Cir. 2007) (holding that presumption of vindictiveness at pretrial stage is not clearly established federal law and thus "is not a proper basis for granting habeas relief"); United States v. Cooper, 461 F.3d 850, 856 (7th Cir. 2006) ("[A] presumption of vindictiveness does not apply to pretrial decisions by the prosecution . . . ."); see also 4 Wayne R. LaFave et al., Criminal Procedure § 13.7(c) (3d ed. 2007) (finding it "unlikely" that presumption of vindictiveness "has any application whatsoever in a pretrial setting").

Civil No. 09-1537 (JAF) -8-

### 1. **Deficient Investigation**

Petitioner argues that Valcárcel-Fuster's failure to investigate and conduct discovery represented an "actual breakdown of the adversarial process" and should result in a presumption of ineffectiveness. (Docket No. 3 at 6 (citing United States v. Cronic, 466 U.S. 648 (1984).) The presumption of ineffectiveness announced in Cronic is only available in circumstances "'so egregious that the defendant was in effect denied any meaningful assistance at all.'" United States v. Manon, 608 F.3d 126, 132 (1st Cir. 2010) (quoting United States v. Theodore, 468 F.3d 52, 56 (1st Cir. 2006)).

Valcárcel-Fuster refutes Petitioner's contention that he filed no formal request for discovery, pointing to a detailed discovery letter (Docket No. 6-1 at 21–26) sent to the prosecution. Although this letter did not specifically mention a vindictive-prosecution theory, it bound prosecutors to provide all evidence of Petitioner's statements to federal agents and all exculpatory evidence, including impeachment evidence. See Fed. R. Crim. P. 16; see also Brady v. Maryland, 373 U.S. 83 (1963). Counsel could reasonably assume that such a request would produce any existing evidence of actual vindictive prosecution. Furthermore, Valcárcel-Fuster submitted evidence of his research into a then-pending criminal case against two ICE agents who were the subject of the OPR investigation in which Petitioner claims to have participated. In light of this evidence of Valcárcel-Fuster's investigation into the vindictive prosecution claim, we find that his investigation was reasonable and did not fall outside the "wide range of professionally competent assistance." See Strickland, 466 U.S. at 690.

### 2. Pretrial Dismissal of Indictment

Although Valcárcel-Fuster's memorandum does not explicitly address his decision not to move to dismiss the indictment at the pretrial stage, when viewed in light of both the heavy burden necessary to prevail on such a motion and the evidence available to him at the time, we find Valcárcel-Fuster's performance within the broad range of effective assistance.

Petitioner's vindictive prosecution claim relies on three pieces of circumstantial evidence: (1) his participation in the OPR investigation of ICE; (2) his sworn statement, alleging "ICE's investigative misconduct," that he claims to have provided to the defense counsel of a case arising from another ICE investigation; and (3) the "highly atypical chronology" of the case. (Docket No. 3.)

Petitioner asserts that the federal agency pursuing his prosecution, ICE, was the same agency targeted by of the OPR investigation he claims to have assisted. He argues that his continued exercise of his First Amendment rights gave ICE and the U.S. Attorney's office a reason to fear that he would expose "investigative and law enforcement misconduct in other criminal cases." (Docket No. 3 at 4.) We are concerned not with whether ICE may have had a vindictive motive but with whether the Assistant U.S. Attorney had such a motive. See United States v. Gilbert, 266 F.3d 1180, 1187 (9th Cir. 2001) ("In all but the most extreme cases, it is only the biases and motivations of the prosecutor that are relevant . . . . The purported motivation of another agency . . . is no indication that the prosecutor brought charges against [a defendant] to punish him for his action against the [agency]."). In Bucci, the First Circuit found that a defendant's creation of a website with the aim of exposing government informants, an act with obvious potential to adversely impact prosecutions in other cases, was not sufficient

evidence of animus. 582 F.3d at 113–14. There, the First Circuit stated that the defendant had to go beyond identifying "potential motives" for animus and connect such motive to the prosecutor making the charging decision. Id. In the present case, Valcárcel-Fuster's evidence connecting ICE's potentially vindictive motive to the U.S. Attorney's office was similarly lacking.

As to Petitioner's second claim, Valcárcel-Fuster was unable to find any evidence that Petitioner had provided an affidavit to, or otherwise assisted, the defense in United States v. Vega-Encarnacion, No. 04-cr-278 (JAG) (D.P.R. 2004.) (See Docket No. 6 at 6.)

Finally, Petitioner relies on the "highly atypical chronology" of this case as evidence of a vindictive prosecution. (Docket No. 3 at 7.) Although a prosecutor's filing charges close on the heels of the exercise of a constitutional or statutory right may, in certain contexts, be the type of circumstantial evidence that can aid in establishing vindictive motive, it is not dispositive. See Bucci, 582 F.3d at 114 ("[E]vidence of suspicious timing alone does not indicate prosecutorial animus." (quoting Cooper, 461 F.3d at 856)). And while the timing of a prosecutor's charging decision can serve to establish a presumption of vindictiveness, neither the Supreme Court nor the First Circuit have extended this presumption to the pretrial stage. See supra Part III.A.

Valcárcel-Fuster had scant evidence with which to pursue a vindictive prosecution claim. Considering the quality of the evidence before him, it was not objectively unreasonable to forgo a motion to dismiss the indictment.

### 3.  Failure to Challenge Vindictive Prosecution at Trial

Finally, to the extent Petitioner argues that Valcárcel-Fuster erred by not raising a challenge to vindictive prosecution at trial, Federal Rule of Criminal Procedure 12(b)(3)(B) requires all vindictive prosecution claims to be raised prior to trial. Those not raised before trial are waived, absent "good cause." Fed. R. Crim. P. 12(e). There is no indication of changed circumstances or new evidence having come to light during trial that would act as good cause to excuse waiver. Thus, Valcárcel-Fuster's decision against raising the issue at trial is not an example of deficient representation, because such an action would have been futile. See Vieux, 184 F.3d at 64.

### B.  Substantive Claim of Vindictive Prosecution

Petitioner's substantive claim of vindictive prosecution is procedurally barred. While Petitioner raised issues of prosecutorial misconduct in his appeal before the First Circuit, he did not raise vindictive prosecution. See Brief for Petitioner, United States v. Espinal-Genao, No. 07-1252 (1st Cir. Mar. 28, 2007). If a claim has not been previously raised on direct appeal, a petitioner cannot raise that claim on a § 2255 motion unless he also proves cause and prejudice for the default, or if he proves actual innocence. See Berthoff v. United States, 308 F.3d 124, 127–28 (1st Cir. 2002) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Petitioner offers no cause for his default, nor has Petitioner made a claim of actual innocence. Therefore, we are unable to consider Petitioner's allegations of vindictive prosecution.

## IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1; 3). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 28th day of September, 2010.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge